# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:99-CR-60043-02** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RAYMOND JOSEPH HAWTHORNE JR.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense" filed pursuant to 18 U.S.C. § 3582(c) by defendant Raymond Joseph Hawthorne. Doc. 308. Hawthorne pleaded guilty in this court to one count of conspiracy to distribute crack cocaine, a violation of 21 U.S.C. § 846. *See* doc. 85. He was sentenced on March 10, 2000, to a 235 month term of imprisonment and 60 month term of supervised release. Doc. 113. Pursuant to 18 U.S.C. § 3582(c), which provides for a sentence reduction based on retroactively applicable amendments to the United States Sentencing Guidelines, and based on retroactive application of USSG Amendment 706, his sentence was reduced on October 28, 2008, to a 188 month term of imprisonment with no change to the term of supervised release. Docs. 206, 214.

Hawthorne's term of supervision commenced on December 8, 2014. *See* doc. 294. On October 25, 2019, his probation officer filed a petition for revocation of supervised release alleging that Hawthorne had violated the terms of his supervision by committing another federal crime – namely, conspiracy to distribute fentanyl. *Id.* At a hearing on November 1, 2019, the court revoked Hawthorne's supervision and sentenced him to 46

-1-

months of imprisonment. Docs. 301, 303. Hawthorne now applies for a reduction of his completed, original sentence under 18 U.S.C. § 3582(c) and retroactive application of USSG Amendment 782. Through this request he seeks a reduction or elimination of his term of supervised release, ostensibly attempting to nullify the violation for which that supervised release was revoked. Doc. 308.

Amendment 782 went into effect on November 1, 2014, and lowered the base offense levels for most drug offenses. *See, e.g.*, *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015). The amendment applies retroactively, but courts were instructed "not [to] order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG § 1B1.10(e)(1). By that time, Hawthorne had already completed his original term of imprisonment.

Under 18 U.S.C. § 3582(c), a prisoner may only seek reduction of the term of imprisonment imposed under the original sentence. That provision does not authorize reductions for terms imposed on a revocation of supervised released. USSG § 1B1.10, Application Note 7A. This limitation is mandatory and remained so even after *United States v. Booker*, 543 U.S. 220 (2005), rendered other provisions of the Guidelines advisory. *United States v. Nelson*, 410 F. App'x 734, 735 (5th Cir. 2010). There is no basis for reducing Hawthorne's completed original term of imprisonment or his term imposed on the revocation of supervised relief. Accordingly, the motion is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**