UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:99-CR-60043-02 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| RAYMOND JOSEPH HAWTHORNE JR (02) | MAGISTRATE JUDGE HILL |

MEMORANDUM ORDER

Before the court is a pro se Motion for Compassionate Release [doc. 318] filed by defendant Raymond Joseph Hawthorne, Jr., who is serving a term of imprisonment imposed by this court following the revocation of his supervised release. The government opposes the motion. Doc. 321.

I.
BACKGROUND

Following his guilty plea to one count of conspiracy to distribute cocaine base (crack), a violation of 21 U.S.C. § 846, the defendant was sentenced in this court on March 13, 2000, to a 235 month term of imprisonment with a 60 month term of supervised release. Doc. 113. On October 28, 2008, the court reduced his term of imprisonment to 188 months pursuant to a motion filed under 18 U.S.C. § 3582. Docs. 206, 214. The defendant eventually completed his term of imprisonment and began his term of supervised release. He was then arrested in October 2019, on a charge of conspiracy to distribute fentanyl. *See United States v. Hawthorne*, No. 6:19-cr-0334 (W.D. La.). A federal grand jury returned an indictment, charging him with the above-mentioned conspiracy count as well as two

counts of distribution of narcotics, and the defendant remains detained pending further proceedings in that matter. *Id.* Based on these charges, the undersigned also revoked the defendant's supervised release in the instant case and sentenced him to a 46 month term of imprisonment on November 1, 2019. Doc. 303.

The defendant, who is a paraplegic and is currently incarcerated at the Federal Medical Center in Fort Worth, Texas, filed a motion for compassionate release in this court on January 29, 2021. Doc. 318. There he argues that his sentence should be reduced because of the medical complications (recurrent COVID-19 infection, recurrent bladder infection, and bed sores requiring ongoing treatment) he has faced during his incarceration, and the danger that he will contract COVID-19 again and suffer further complications. *Id.* The government concedes that the defendant has exhausted his remedies with the Bureau of Prisons. Doc. 321. It opposes the request for compassionate release, however, on the grounds that defendant's medical conditions are managed in prison and have not been identified by the CDC as COVID-19 risk factors, and because the defendant poses too great a danger to the community if released. *Id.*

## II.
### LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18

U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release.

In support of his motion the defendant has attached a discharge summary showing his treatment within the BOP for the above-described conditions, including inpatient treatment for bed sores and COVID-19 pneumonia. Doc. 320. The government has also attached medical records, showing that these conditions are managed with the care the defendant receives through the BOP. Doc. 322, atts. 1 & 2. Managed medical conditions typically do not form a basis for compassionate release. *See* BOP Prog. Statement 5050.50. As the government acknowledges, this general rule does not reflect present concerns about the COVID-19 pandemic. Several courts have found that the pandemic may present an extraordinary and compelling circumstance warranting compassionate release, particularly in the case of a defendant who is at risk for severe illness by reason of preexisting medical conditions. *See United States v. Mazur*, 457 F.Supp.3d 559, 563–64 (E.D. La. 2020) (collecting cases); *see also United States v. Furlow*, 2020 WL 3967719 (W.D. La. Jul. 13, 2020); *United States v. Malone*, 2020 WL 3065905 (W.D. La. June 9, 2020). But as the government notes, none of the defendant's other conditions are identified by the CDC as special risk factors for COVID-19 complications. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison" do not meet the "extraordinary and compelling circumstances" required to justify compassionate release. *United States v. Koons*, 455 F.Supp.3d 285, 292 (W.D. La. 2020).

Even if the defendant's general history of poor health and fear of COVID-19 formed a basis for compassionate release, the government also contends that the motion should be

denied due to his failure to present a feasible release plan and his failure to demonstrate that he will not pose a danger to the community or that his release comports with the § 3553(a) factors. Once a defendant has demonstrated that he is eligible for compassionate release, the court must also "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2).

Here the circumstances surrounding defendant's original conviction and his revocation of supervised release show that he is a dangerous individual. He was undeterred after service of a lengthy term of imprisonment and instead returned to trafficking in narcotics. His demonstrated risk of recidivism makes him a continued danger to the community and ineligible for compassionate release. Additionally, his proposed release plan only provides that his son will serve as caretaker. Doc. 318, p. 2. There is no provision made for quarantine or for the management of the health conditions for which the BOP is already providing care. Compassionate release may likewise be denied where the defendant presents a danger to the community and fails to show that he would be any safer at home. *E.g.*, *United States v. Pass*, 2020 WL 2332001 (E.D. Pa. May 11, 2020). Accordingly, the circumstances in this matter overwhelmingly weigh against any sentence reduction.

4

## III.
### CONCLUSION

For the reasons stated above the defendant's Motion for Compassionate Release [doc. 318] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of March, 2021.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**