UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:99-CR-60043-02** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RAYMOND JOSEPH HAWTHORNE JR (02)** | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM ORDER

Before the court is a Motion to Modify/Reduce Sentence filed by defendant Raymond Joseph Hawthorne, Jr.. Doc. 328. The government opposes the motion. Doc. 338. Factual background as to the defendant's prior convictions and health conditions can be found at the court's ruling on his prior Motion for Compassionate Release. Doc. 323.

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release.

Hawthorne has a lengthy history of poor health, but it appears his conditions are managed under the care provided by the BOP. Managed medical conditions typically do not form a basis for compassionate release. *See* BOP Prog. Statement 5050.50. Additionally, once a defendant has demonstrated that he is eligible for compassionate

release, the court must also "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). Hawthorne's supervised release status in the instant case was revoked in 2019 after he was arrested for distribution of fentanyl, a crime to which he has pled guilty and been sentenced to an additional 57 months of imprisonment. *See United States v. Hawthorne*, No. 6:19-cr-334 (W.D. La. Apr. 28, 2022). The court considered this circumstance in the context of his recent revocation of supervised release in ruling on his prior motion, and finds no basis to depart from its finding that he presents a continued danger to the community—especially in light of the guilty plea and sentence imposed in the intervening time. Accordingly, the Motion to Modify/Reduce Sentence [doc. 328] is hereby **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on this 2nd day of August, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**